# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00096-CV

**Thomas C. Retzlaff, Appellant**

v.

**Belinda Mendieta-Morales, Appellee**

## FROM BELL COUNTY COURT AT LAW NO. 3,
## NOS. 37,954 & 41,113, HONORABLE GERALD M. BROWN, JUDGE PRESIDING

By a single issue on appeal, Thomas Retzlaff contends that the county court at law abused his discretion by denying Retzlaff post-judgment discovery to aid in the enforcement of a final judgment. We will affirm the order.

Retzlaff filed two suits against Belinda Mendieta-Morales for libel, slander, assault, damage to personal property, and harassment. The parties settled both suits in a single agreement in which Mendieta-Morales expressly denied liability. The consideration section of the agreement states that Retzlaff acknowledged receipt of $2000 from Mendieta-Morales in full settlement of his claims against her. In exchange, he agreed to sign the joint motion for dismissal with prejudice of the suits. Mendieta-Morales agreed to be "solely responsible for the payment of her attorneys' fees, all court costs, and all other expenses incurred by her as a result of or in connection with the Lawsuit and/or this Settlement." Pursuant to the settlement agreement, Mendieta-Morales delivered a $2000 cashier's check to the Bell County Clerk, and the court signed a single order dismissing both cases.

The settlement agreement was also signed by the county court at law and reflects that it was "[a]pproved, [s]igned, and [e]ntered as a final judgment" on October 2, 2000, the same day as the dismissal order.

On November 29, 2000, the clerk prepared an abstract of judgment showing that Mendieta-Morales had not paid the settlement amount nor the court costs. Evidently the clerk failed to send the original check to Retzlaff before its expiration date, but Mendieta-Morales caused a new check to issue to him.

Retzlaff filed a motion for discovery in aid of enforcement of the judgment, requesting extensive information on Mendieta-Morales's income and assets. Mendieta-Morales filed a motion to quash his discovery request,[1] attaching proof that she had paid him the $2000 pursuant to the settlement agreement. Retzlaff conceded that he had received the $2000 owed him, but sought discovery to enforce Mendieta-Morales's obligation to pay the clerk for court costs. The court granted the motion to quash Retzlaff's discovery request.

Retzlaff made his requests under the rule permitting the successful party in a judgment to initiate and maintain a discovery proceeding in the manner of pretrial discovery in order to obtain information aiding in the enforcement of a judgment. *See* Tex. R. Civ. P. 621a. Retzlaff contends that he seeks the discovery to enforce the agreement that Mendieta-Morales pay all court costs to the clerk. He contends that he has this right to seek enforcement because the agreement about costs was part of the consideration for the settlement agreement as a whole.

---

[1] Retzlaff insists Mendieta-Morales's motion is properly titled a protective motion. To avoid confusion, we will use the terminology used by the filing party and the county court at law.

Mendieta-Morales contends that Retzlaff is not entitled to the discovery because he lacks nothing promised him under the agreement. A person from whom discovery is sought may seek protection from undue burden, unnecessary expense, harassment, annoyance, or invasion of her rights. Tex. R. Civ. P. 192.6. Mendieta-Morales contends that, because she paid Retzlaff the amount owed under the settlement agreement, his discovery requests were harassment.

Retzlaff's right to demand enforcement of the judgment does not extend to the collection of costs on these facts. He demands that the court enforce its decree under Texas Rule of Civil Procedure 308. *See* Tex. R. Civ. P. 308 ("The court shall cause its judgments and decrees to be carried into execution"). The "judgment" includes the dismissal order and the settlement agreement signed by the judge. There is no allegation that the terms of the dismissal order have not been implemented properly and fully. There is no allegation that Retzlaff, who asserted indigency, has paid any costs for which he seeks reimbursement. That leaves only the possibility that the clerk has not been paid costs owed by Mendieta-Morales under the agreement.[2] The rules of civil procedure specify that, "[i]f any party responsible for costs fails or refuses to pay the same within ten days after demand for payment, *the clerk or justice of the peace* may make certified copy of the bill of costs then due, and place the same in the hands of the sheriff or constable for collection." Tex. R. Civ. P. 129 (emphasis added). There is no showing that the clerk has made an unsatisfied demand for payment. More important, Retzlaff is not the clerk or the justice of the peace, nor is he an agent

---

[2] The language of the agreement is somewhat ambiguous regarding which costs Mendieta-Morales owes. Her agreement to be solely responsible for payment of "her attorneys' fees, all court costs, and all other expenses incurred by her as a result of or in connection with the Lawsuit and/or this Settlement" could be read to make her liable for "all court costs . . . incurred by her." We will analyze the agreement as if her liability were clearly for all court costs incurred by both parties.

3

for any of them. He has been paid the amount owed under the judgment, is not authorized to collect costs under rule, order, or agreement, and is therefore not entitled to obtain discovery regarding Mendieta-Morales's ability to pay the costs.

We resolve the sole issue on appeal in favor of the judgment. We affirm the county court at law's refusal to allow Retzlaff to obtain post-judgment discovery from Mendieta-Morales. We deny his alternative petition for writ of mandamus requesting similar relief.

_____

–

Lee Yeakel, Justice

Before Chief Justice Aboussie, Justices Yeakel and Patterson

Affirmed

Filed:   September 13, 2001

Do Not Publish

4